UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA                        :
                                                :
v.                                              :    **MEMORANDUM OPINION**
                                                :    **AND ORDER**
SHOLAM WEISS,                                   :
                                                :    21-CR-00457 (PMH)
                Defendant.                      :
-------------------------------------------------------------x

PHILIP M. HALPERN, United States District Judge:

      Sholam Weiss ("Defendant") was found guilty and sentenced in the Middle District of Florida on ninety-three counts relating to a fraudulent scheme in which he participated involving the National Heritage Life Insurance Company. Defendant's sentence of incarceration was commuted by then-President Donald J. Trump on January 19, 2021. The commutation did not, however, relieve Defendant's supervised release, fine, or forfeiture obligations. The fine itself was initially set at $123,399,910; and with interest and penalties is approximately $300,000,000. (*See* Doc. 20, "Def. Br." at 2). On July 14, 2021, jurisdiction of Defendant's supervised release was transferred to this Court pursuant to 18 U.S.C. § 3605. (Doc. 1 at 2). Defendant previously moved to terminate his supervised release and the Court denied that motion on August 9, 2022.[1] (Doc. 21, "Prior Order"). The factual and procedural history of the case is set forth in that decision and the Court assumes the parties' familiarity therewith.

---

[1] The Prior Order is available on commercial databases. *See United States v. Weiss*, No. 21-CR-00457, 2022 WL 3214914 (S.D.N.Y. Aug. 9, 2022). However, for ease of reference the Court will cite herein to the copy filed on the docket.

Defendant moved on August 8, 2022 to terminate his fine.[2] (Def. Br. at 1). The Government opposed Defendant's motion on August 18, 2022 (Doc. 22, "Opp. Br."), and the motion was fully submitted with the filing of Defendant's reply brief on August 31, 2022 (Doc. 25, "Reply").[3]

For the reasons stated herein, Defendant's motion is DENIED.

## ANALYSIS

Defendant urges the Court to exercise "its inherent authority, it's [sic] authority by the transference of jurisdiction . . . under 18 U.S.C. § 3605, [and] its authority under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)" to terminate his fine. (Def. Br. at 1 (italics removed)). This Court lacks jurisdiction to entertain Defendant's motion under each of the bases raised by Defendant.[4]

I.   Section 3605

Defendant's supervised release was transferred to this Court from the Middle District of Florida pursuant to 18 U.S.C. § 3605. Section 3605 provides that:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district . . . A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

This is a limited grant of authority to the transferee court which includes the powers under subchapter A of chapter 229 of Title 18 and subchapters B and D of chapter 227 of Title 18.

---

[2] Defendant originally filed his motion on July 29, 2022, but because he inadvertently included personal financial information therein, that document was stricken from the docket and the Court permitted him to re-file the motion.

[3] Defendant filed a letter on October 13, 2022, informing the Court of a typographical error on pages 5 and 6 of his Reply. The Court will consider Defendant's brief amended accordingly.

[4] Defendant, in his motion papers, directs no substantive argument toward his first purported basis for authority to terminate the fine—the Court's inherent authority—and the Court is aware of none, especially given Congress's statutory scheme prescribing a limited grant of transferee jurisdiction applicable to the instant circumstances. *See infra*.

Subchapter A of chapter 229, which includes § 3605, governs post-sentence administration of probation; subchapter B of chapter 227 governs sentences of probation; and subchapter D of chapter 227 governs sentences of imprisonment. The subchapters concerning the imposition and administration of fines—subchapter C of chapter 227 of Title 18 (sentence of fine) and subchapter B of chapter 229 of Title 18 (post-sentence administration of fines)—are not included in the statutory transfer of power to a transferee court. Indeed, both subchapters are excluded by the plain language of the statute. *See* 18 U.S.C. § 3605.

Defendant argues that since the case has been transferred and because payment of a fine is a "condition of probation," this Court has the authority pursuant to 18 U.S.C. § 3563 to terminate the fine under its power to oversee Defendant's supervised release. (Reply at 4). Defendant argues, in essence, that because § 3563(a)(7) requires a defendant to notify the Court of a material change in their economic circumstances and § 3563(c) authorizes the Court to modify conditions of a sentence of probation, the Court has authority to modify his fine. This argument is unsupported by the applicable statutory language and contradicted by controlling case law. *See United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011) ("A fine is an independent part of a defendant's sentence, and the fine owed by the defendant while incarcerated may not be modified simply because the fine may later be implicated as a condition of supervised release."). Jurisdiction over Defendant's fine remains with the Middle District of Florida because the fine is part of his original criminal judgment and the limited grant of authority to this transferee Court did not include the power to alter it.[5]

---

[5] The Court, therefore, declines to consider Defendant's arguments as to the reasonableness, expiration, disparity, or relationship to restitution of his fine. (Def. Br. at 5-10).

3

II.     Compassionate Release

Defendant also argues that the Court has authority to modify the fine under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Defendant argues that since that provision falls under subchapter D of chapter 227 of Title 18, the Court, therefore, has jurisdiction to consider his fine under the compassionate release provision. The argument is unavailing. Subchapter D of chapter 227 covers "imprisonment" and § 3582(c)(1)(A) allows a Court to "reduce [a] term of imprisonment . . . after considering the factors set forth in section 3553(a)." Defendant, however, had his term of imprisonment commuted and is no longer "imprisoned." Defendant cites no authority establishing that § 3582(c)(1)(A) can be applied to criminal fines. The only case cited by Defendant—*S. Union Co. v. U.S.*, 567 U.S. 343 (2012)—does not involve compassionate release and relates to an entirely different legal issue. There, the Supreme Court compared excessive criminal fines to terms of imprisonment. That case is simply inapplicable here. Defendant's fine, which survived the commutation of his imprisonment, is not implicated by § 3582(c)(1)(A). This is evident from the structure of the statute. Congress created subchapter C of chapter 227 to cover "fines" and subchapter D to cover "imprisonment." Section 3582(c)(1)(A) falls in the latter bucket and has nothing to do with the former. Defendant's compassionate release argument under § 3582(c)(1)(A), therefore, fails.[6]

To the extent Defendant argues, in reply, that another provision of the First Step Act empowers this transferee Court's authority to terminate his fine, he is incorrect. Defendant cites to *United States v. El Herman*, 971 F.3d 784 (8th Cir. 2020) for the propositions that "this Court now has sole jurisdiction . . . Defendant may not go back to Florida to assert his rights . . . [and] only

---

[6] The Court, therefore, need not and does not consider Defendant's arguments relating to the § 3553(a) sentencing factors, which would only be applicable if compassionate release were appropriate. (Def. Br. at 10-11).

the transferee court may act under the authority of the First Step Act." (Reply at 4 (italics removed)). That case, however, involved § 404(b) of the First Step Act, 21 U.S.C. § 841, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence." 21 U.S.C. § 841. A covered offense, however, "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* Sections 2 and 3 of the Fair Sentencing Act, in turn, each relate to drug offenses. Pub. L. No. 111-220, §§ 2-3, 124 Stat. at 2372. Drugs are not involved in Defendant's case. Defendant was sentenced on ninety-three counts for his involvement in an insurance fraud scheme including, *inter alia*, money laundering under 18 U.S.C. § 1956(a)(1)(a). (Doc. 1). None of Defendant's convictions involved drugs and this separate provision of the First Step Act is therefore entirely inapplicable to him.

## CONCLUSION

Defendant, as of the Prior Order, had paid only approximately $3,000 of his almost $300,000,000 fine. (Prior Order at 7 n.5). If he seeks relief concerning the remainder of his obligation, he will have to petition the Middle District of Florida for that relief.

For the foregoing reasons, Defendant's motion for termination of his fine is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 20 and Doc. 27.

Dated: White Plains, New York
       October 17, 2022

SO ORDERED:

_____
Philip M. Halpern
United States District Judge